# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-2201V

| | |
|---|---|
| CHARLENE CARTER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 4, 2024<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Meghan Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 22, 2021, Charlene Carter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine on November 18, 2020. Petition at 1. On September 14, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 31.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $11,864.39 (representing $11,224.90 in fees plus $639.49 in costs). Petitioner's Final Motion for Attorney Fees and Cost ("Motion") filed Dec. 7, 2023, ECF No. 37. In accordance with General Order No. 9, counsel for Petitioner states that Petitioner did not personally incur any out-of-pocket expenses in pursuit of this claim. Motion at 2.

Respondent reacted to the motion on December 19, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 38. Petitioner filed no reply.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion, at 17 - 26. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $11,864.39 (representing $11,224.90 in fees plus $639.49 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leigh Finfer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.